OPINION
{¶ 1} Appellant, Richard E. Earle, appeals from the sentencing entry of the Lake County Court of Common Pleas dated July 31, 2001.
{¶ 2} On June 13, 2001, appellant was charged by way of information with seven counts of robbery, in violation of R.C. 2911.02(A), felonies of the second degree. On June 15, 2001, he entered a written plea of guilty to the charges. In an entry dated June 19, 2001, the trial court accepted appellant's guilty plea and deferred sentencing to a later date so the matter could be referred to the Lake County Adult Probation Department for a presentence investigation report, drug and alcohol evaluation, and victim impact statement. A sentencing hearing was held on July 26, 2001. In an entry dated July 31, 2001, the trial court sentenced appellant to two years on each of the seven counts to be served consecutively to each other for a total of fourteen years. It is from that entry appellant timely filed the instant appeal and now advances a single assignment of error:
 {¶ 3} "The [t]rial [c]ourt erred to the prejudice of [appellant] by imposing consecutive sentences without making the requisite findings on the record and the record did not support the imposition of consecutive sentences."
{¶ 4} Under his sole assignment of error, appellant contends that the trial court erred in sentencing him to consecutive terms because the trial court failed to state the reasons as required by R.C.2929.19(B)(2)(c).
{¶ 5} A reviewing court will not reverse a sentence unless an appellant demonstrates that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors.State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 WL 286684, at 10. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
{¶ 6} Before imposing consecutive sentences, a trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. Statev. Fitzpatrick (Dec. 1, 2000), 11th Dist. No. 99-L-164, 2000 WL 1774139, at 4, citing State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 1. First, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Secondly, the trial court must determine that one of the other factors listed in R.C. 2929.14(E)(4) also exists: (a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct proves that consecutive sentences are needed to protect the public from future crime. State v.Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4.
{¶ 7} If a trial court merely asserts that it has reviewed the provisions in R.C. 2929.14, that alone, is not a sufficient finding on the record of the court's reasoning for imposing a particular sentence.Fitzpatrick, supra, at 5. The findings mandated by R.C. 2929.14 must appear in the judgment entry or in the transcript of the sentencing hearing. Id.
{¶ 8} Furthermore, when consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements of R.C.2929.19(B)(2)(c), which states that the trial court justify the imposition of consecutive sentences:
 {¶ 9} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
{¶ 10} "* * *
 {¶ 11} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
{¶ 12} In addition, pursuant to R.C. 2953.08, which governs appeals from felony sentences, our review is de novo. R.C. 2953.08(G) provides that a reviewing court may modify a felony sentence if it finds by clear and convincing evidence one of the following: "(a) [t]hat the record does not support the sentencing court's findings * * * [or] (b), [t]hat the sentence is otherwise contrary to law." Under R.C. 2953.08(F), our review of the record shall include any presentence, psychiatric, or other investigative report submitted to the court in writing prior to the imposition of sentence, and any oral or written statements made to or by the court at the sentencing hearing.
{¶ 13} In the matter at hand, we have reviewed the documents in the record, including the presentence report, the psychiatric evaluation, and the victim impact statements. The trial court satisfied the initial requirement of R.C. 2929.14(E)(4) by finding in its judgment entry that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. The court also met the second requirement under R.C. 2929.14(E)(4) because in its entry it determined that "the harm caused by the multiple offenses committed by [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct. See R.C. 2929.14(E)(4)(b).
{¶ 14} However, the trial court must also justify the imposition of consecutive sentences as required by R.C. 2929.19(B)(2)(c). At the sentencing hearing, the trial court explained that "the harm was so great or unusual that a single term [did] not adequately reflect the seriousness of the conduct and the seriousness of the conduct [appellant] was putting these victims in fear for their lives which [he] did several times. Which [he has] acknowledged [he did] several times * * *."
{¶ 15} Yet, it is our view that the trial court did not satisfy the requirements of R.C. 2929.19(B)(2)(c). The record here provides no reasons for the judge's stated findings concerning consecutive sentences. The trial court stated that the seriousness of the appellant's conduct was putting the victims in fear for their lives which he did several times. However, after reviewing the victim impact statements, it is unclear what appellant did to put these people in fear for their lives.
{¶ 16} In State v. DeAmiches (Mar. 1, 2001), 8th Dist. No. 77609, 2001 WL 210020, at 11, the Eighth Appellate District noted that "* * * the statutory scheme disfavors * * * consecutive sentencing, and presumes that offenders serving prison terms for the first time will be more intensely affected by the experience and the State's goals can be achieved in less time. Once these factors are understood, one can also understand that the imposition of * * * consecutive sentences * * * upon an offender serving his first prison term must be justified by extraordinary circumstances."
{¶ 17} Here, appellant's conduct was objectionable. Yet, it is our view that the fourteen-year prison term imposed was excessive. Even though we understand a judge's distaste for certain types of offenses, statutory sentencing guidelines are intended to reduce judge-specific sentencing variations so that offenders can expect a consistent range of sentences for similar conduct. See DeAmiches, supra. Since the trial court did not fully comply with the respective mandates of R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c), appellant's lone assignment of error is sustained.
{¶ 18} Having sustained appellant's assignment of error and analyzing the record ourselves, we modify the sentence imposed pursuant to R.C. 2953.08(G) from fourteen years incarceration to seven years on each of the seven counts to run concurrently with each other. We do not disturb the remainder of appellant's sentence. The trial judge is hereby directed to vacate his prior sentencing entry journalized July 31, 2001, and issue a judgment entry consistent with this opinion. The judge is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.
{¶ 19} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is modified and affirmed as modified.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.